**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID ARMENDARIZ MEDINA, 446943,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-2201-P** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

On February 18, 1987, Petitioner was convicted of murder and was sentenced to 99 years

in prison.  *The State of Texas v. David Armendariz Medina*, No. F87-92550-JQ (228th Jud. Dist.

Ct., Dallas, Tex., Feb. 18, 1987).

Petitioner does not challenge his conviction.  Instead, he argues Respondent has

unlawfully denied him release to mandatory supervision.  On May 6, 2008, Petitioner filed a

state habeas petition challenging the denial of his release to mandatory supervision and the loss

of good-time credits.  *Ex parte Medina*, No. 21,039-03.  On August 13, 2008, the Court of

Criminal Appeals denied the petition without written order.  On December 29, 2008, Petitioner

filed a second state habeas petition challenging the denial of his release to mandatory

supervision.  *Ex parte Medina*, No. 21,039-04.  On October 21, 2009, the Court of Criminal

Appeals dismissed the petition as a subsequent application.

On November 13, 2009, Petitioner filed the instant § 2254 petition.  He argues:

(1)     The Board of Pardons and Paroles ("Board") improperly denied him release to mandatory supervision after he served twenty calendar years;

(2)     The Board violated his due process rights when it denied him release to mandatory supervision because his offense involved a weapon;

(3)     The Board violated his due process rights when it denied him release to mandatory supervision because his offense does not make him ineligible for mandatory supervision; and

(4)     The Board denied him the right to be free from ex post facto laws when it applied the discretionary mandatory supervision statute to his case.

On March 31, 2010, Respondent filed his answer.  Petitioner did not file a reply.  The Court now determines the petition should be dismissed.

## II.  Discussion

## A.     Procedural Bar

Respondent argues that Petitioner's claims two through four are unexhausted and procedurally barred.  Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn

requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner raised claims two through four in his second state habeas petition.  The Court of Criminal Appeals dismissed the petition as an abuse of the writ.  A second habeas petition is an abuse of the writ if the petitioner argues grounds that could have been raised in the first petition, but were not raised.  *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir. 1991) (per curiam).  A state dismissal on this ground is a procedural default for federal habeas review.  *Fearance v. Scott*, 56 F.3d 633, 642 (1995).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750).  Petitioner has not shown any cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  Petitioner does not challenge his underlying conviction, thus the actual innocence avenue for overcoming the state procedural bar is unavailable to him.

Petitioner has not overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

**B.**     **Statute of Limitations**

Petitioner argues he has served twenty calendar years towards his sentence and is

therefore entitled to release on mandatory supervision.  This claim is barred by limitations.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.

*See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The

one-year period is calculated from the latest of either: (A) the date on which the judgment of

conviction became final; (B) the date on which an impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such action; (C) the date on which the Supreme Court

initially recognizes a new constitutional right and makes the right retroactively applicable to

cases on collateral review; or (D) the date on which the facts supporting the claim became

known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. §

2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base is petition on any new constitutional right

under subparagraph (C).  With regard to subparagraph (A), the Court determines that it is

inapplicable because it pertains to direct review of "the judgment," which is not at issue in this

case.  The Court will therefore calculate the one-year statute of limitations under subparagraph

(D), from the date the facts supporting the claims raised in the instant petition became known or

could have become known through the exercise of due diligence.

Petitioner argues he was entitled to mandatory supervised release on August 22, 2006,

when he had served twenty calendar years.  Therefore, on August 22, 2006, Petitioner knew the

factual predicate of his claim, or could have known the factual predicate through the exercise of due diligence.  His federal petition was due one year later, or by August 22, 2007.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings.  On May 6, 2008, and December 29, 2008, Petitioner filed state habeas petitions.  These petitions did not toll the limitations period because they were filed after the one-year limitations period expired.  Petitioner's §2254 petition was due by August 22, 2007. He did not file the petition until November 13, 2009.  This claim is therefore untimely.

**C.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**<u>RECOMMENDATION</u>**:

The Court recommends that: (1) Petitioner's claim that Respondent improperly denied

him release to mandatory supervision once he served twenty calendar years on his sentence should be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d); and (2) Petitioner's remaining claims should be dismissed as procedurally barred.

Signed this 24th day of April, 2012.

**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).