IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID ARMENDARIZ MEDINA, 446943,<br>　　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>　　　　Respondent. | )<br>)<br>)<br>)　No. 3:09-CV-2201-P<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING OBJECTIONS IN PART AND ALTERNATIVELY ACCEPTING THE FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Respondent filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are granted in part and the Court alternatively accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

On May 4, 2012, Respondent filed objections arguing the petition is successive. A later-filed petition is second or successive "when it: (1) raises a claim that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Respondent argues the petition is successive because it raises a claim that Petitioner previously raised in *Medina v. Thaler*, 3:08-CV-1563-P (N.D. Tex.). In that case, Petitioner argued he was unlawfully denied release to mandatory supervision once he served twenty

calendar years on his sentence. That case was dismissed on April 7, 2011, as barred by the statute of limitations. In the current case, Petitioner again argues, *inter alia*, that he is entitled to release on mandatory supervision because he has served over twenty calendar years on his sentence.

Respondent does not state whether Petitioner's first-filed federal petition challenged the same state court denial of relief as the second-filed federal petition. Petitioner states he was denied release to mandatory supervised release on numerous dates, including 2000, 2002, 2004, 2006 and 2008. From the record, however, it appears Petitioner's second-filed federal petition challenges the October 14, 2008, denial of release to mandatory supervision. (*Ex parte Medina*, No. 21,039-04 at 36.) This October 14, 2008, decision by the Board of Pardons and Paroles was rendered after Petitioner filed his first federal petition on August 22, 2008.

Although Petitioner's current petition challenges a different decision by the Board of Pardons and Paroles to deny Petitioner release to mandatory supervised release, Respondent argues that because Petitioner again challenges the denial of release to mandatory supervision based in part on the claim that he has served over twenty calendar years of his sentence, the petition is successive.

The Court finds the current petition raises the same claim that Petitioner raised in his first-filed petition, *i.e.*, the claim that he is entitled to release on mandatory supervision because he has served over twenty calendar years on his sentence. The current petition therefore raises a claim "that was or could have been raised in an earlier petition." *In re Cain*, 137 F.3d at 235.

To determine successiveness, however, the Court must also analyze the timing of each petition. At the time Respondent filed his answer arguing that the petition is successive, the first-

2

filed petition was still pending in the district court. Consequently, the second-filed petition was not successive at that time. *See Koumjan v. Perry*, 325 Fed. Appx. 317, 318 (5th Cir. 2009) (remanding where district court found second-filed petition challenging denial of release to mandatory supervision successive but first-filed petition was pending on appeal).

At the time the magistrate judge entered his findings, conclusions and recommendation in this case, however, it appears the petition had become successive. On April 7, 2011, the district court dismissed the first-filed petition as barred by limitations. On November 2, 2011, the Fifth Circuit denied a certificate of appealability. On April 24, 2012, the magistrate judge entered findings, conclusions and a recommendation in the current case to dismiss in part on limitations and in part on procedural bar. At that time the first-filed case had already become final. The Court therefore finds the current petition successive and TRANSFERS the petition to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Alternatively, the Court finds Petitioner's claim that the Respondent improperly denied him release to mandatory supervision once he served twenty calendar years on his sentence is time-barred. Petitioner's remaining claims are procedurally barred. The Court therefore ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference this Order and the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable

3

jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

( )  the petitioner will proceed *in forma pauperis* on appeal.

( X )  the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 4th day of June, 2012.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.